**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SUKHBIR SINGH GORAYA,

                             Petitioner,

v.

WARDEN, Facility Administrator of
Imperial Regional Adult Detention
Facility, et al.,

                            Respondents.

Case No.:  3:26-cv-02059-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**

**[Doc. 1]**

Pending before the Court are Petitioner Sukhbir Singh Goraya's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Ex Parte Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).

For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED AS MOOT**.

## I.      **BACKGROUND**

Petitioner, a citizen of India, entered the United States on June 17, 2023.  (Doc. 1 ¶ 1.)  Petitioner was apprehended and released from detention on June 19, 2023.  (*Id.* ¶ 36.)  After his release, the United States Department of Homeland Security ("DHS") instructed Petitioner to report to the United States Immigration and Customs Enforcement ("ICE").  (*Id.*)  "Petitioner complied with all ICE instructions."  (*Id.*)  He attended scheduled check-ins, reported all address changes to ICE, and maintained consistent contact with his

1

supervising ICE officers." (*Id.* ¶ 37.)

Petitioner filed an application for asylum and withholding of removal in October 2023 and his removal proceedings remain pending. (*Id.* ¶¶ 1, 36.) Petitioner also "obtained a valid Employment Authorization Document and a California Commercial Driver's License (Class A) and worked lawfully as a commercial truck driver." (*Id.* ¶ 37.) "Due to the nature of his work, ICE required Petitioner to obtain prior permission before each work trip and to provide detailed vehicle and load information for every pickup." (*Id.* ¶ 38.)

"On February 25, 2026, Petitioner obtained the required ICE permission and commenced a work trip." (*Id.*) On the next day, "ICE officers approached Petitioner, checked his identification, and stated that he had an 'ICE violation.'" (*Id.* ¶ 39.) Despite informing the ICE officers that he had received prior authorization from ICE for his current trip, Petitioner was instructed to "travel to Indio, California, where his biometrics were taken and his phone and wallet were confiscated." (*Id.*) Petitioner was detained in El Centro, California for two days and is now detained at the Imperial Regional Adult Detention Facility. (*Id.* ¶¶ 4, 40.) "During his arrest and transfer, Petitioner was never provided a written explanation of the alleged violation, shown documentation supporting any specific claim against him, or given any meaningful opportunity to contest the basis for his arrest." (*Id.* ¶ 40.)

On April 1, 2026, Petitioner commenced this action by filing the instant Petition. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 3), Respondents filed a Response to the Petition on April 8, 2026. (Doc. 5.) Petitioner has not filed an optional reply as of the date of this Order.

## II.   **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may

2

be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.    DISCUSSION

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 44–53.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)." (Doc. 5 at 2.) "However, [Respondents] "acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and "on that basis . . . do[ ] not oppose the [P]etition and defer[ ] to the Court on the appropriate relief." (*Id*. at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on conditional parole and re-detained several years later. In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Penagos-Alvarez v. LaRose*, Case No.: 3:26-cv-00865-RBM-MSB, 2026 WL 539340 (S.D. Cal. Feb. 26, 2026). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *accord C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was initially detained upon his arrival to the United States and released on conditional parole pursuant to 8 U.S.C. § 1226(a).  (*See* Doc. 1 ¶ 35; Doc. 5 at 1.)  "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Before he was re-detained in February 2026, Petitioner lived in the United States for over two years, was able to apply for asylum relief, was granted employment authorization, and had no criminal history.  (*See* Doc. 1 ¶¶ 1–2.)  Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise.  *See Pinchi*, 792 F. Supp. 3d at 1032.  And nothing on the record before the Court indicates any change in circumstances or individualized justification for Petitioner's re-detention.  *See Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("Since DHS's initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed.").  Petitioner also claims, and Respondents do not dispute, that he "not provided advance notice of his arrest, a written explanation of the alleged violation, or any opportunity to contest the basis for his detention."  (Doc. 1 ¶ 5.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here.  For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on conditional parole without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.  *See Faizyan*, 2025 WL 3208844, at *7; *Pinchi*, 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined [he] was neither.").  Accordingly, the Petition is **GRANTED**.[1]

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

4

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting conditional parole.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  April 23, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

5

3:26-cv-02059-RBM-SBC